FILED

DEC 10 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALAN D. DANIELS, | No. 10-15221 |
| Petitioner - Appellant, | D.C. No. 2:02-cv-01352-LRH-LRL |
| v. | |
| ROBERT HILDRETH, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, District Judge, Presiding

Submitted December 8, 2010[**]
San Francisco, California

Before: THOMPSON, COWEN[***] and SILVERMAN, Circuit Judges.

Alan Daniels appeals the district court's denial of his Petition for Writ of

Habeas Corpus. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we look

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Robert E. Cowen, Senior United States Circuit Judge for the Third Circuit, sitting by designation.

to the last reasoned state court decision to determine whether it was contrary to, or an unreasonable application of, Federal law. 28 U.S.C. § 2254(d); *Cook v. Schriro*, 538 F.3d 1000, 1015 (9th Cir. 2008). We affirm.

The Nevada Supreme Court's rejection of Daniels' misjoinder claim was not contrary to, or an unreasonable application of, Supreme Court precedent. Daniels argues that he was denied a fair trial by the trial court allowing the robberies of the two bars to be tried in one case and denying his motion to sever. But evidence of the Pepe Muldoon's robbery would have been admissible in a separate trial of the Inn Zone robbery, and vice versa, as the two crimes were part of the same "common plan or scheme." *See* Nev. Rev. Stat. § 48.045(2); *see also* Fed. R. Evid. 404(b). And the strength of the State's evidence of the Inn Zone robbery was not significantly stronger than that of the Pepe Muldoon's robbery. *See Sandoval v. Calderon*, 241 F.3d 765, 773 (9th Cir. 2001) (finding lack of prejudicial joinder given strength of State's case in both sets of crimes and cross-admissibility of evidence); *Bean v. Calderon*, 163 F.3d 1073, 1084-86 (9th Cir. 1998) (finding prejudicial joinder given lack of cross-admissibility of evidence and vigorous dispute regarding physical evidence of one crime).

Daniels also argues that his trial counsel rendered ineffective assistance by failing to object to or move to suppress the Pepe Muldoon's bartender's in-court

identification. The Nevada Supreme Court was not unreasonable in ruling that Daniels' motion to suppress the lineup identification would likely not have been granted. The court was also not unreasonable to hold that the outcome of the case would not have been different even if the lineup identification had been suppressed. Daniels also has not shown that the Pepe Muldoon's bartender's in-court identification would have been disallowed had counsel objected. And given the strength of other evidence linking Daniels to the Pepe Muldoon's robbery, including the undisputed presence of his fingerprints on the napkin used by the robber, there is no reasonable probability that the outcome of trial would have been any different even if Daniels' trial counsel successfully objected to the Pepe Muldoon's bartender's in-court identification. *See Strickland v. Washington*, 466 U.S. 668, 694 (1984) (counsel's performance is prejudicial if "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.").

Finally, we deny Daniels' motion to expand the certificate of appealability to include Grounds 3 and 4 of his habeas petition. The district court denied a COA on Grounds 3 and 4 because Daniels failed to demonstrate cause for his failure to timely present those claims in his first state petition. Jurists of reason would not

"find it debatable whether the district court was correct in its procedural ruling."

*Slack v. McDaniel*, 529 U.S. 473, 478 (2000).

AFFIRMED.